[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————

No. 95-6673

———————

D. C. Docket No. CV-94-A-1224-S

RONALD A. REDD, THOMAS A. ANDERSON,

Plaintiffs-Appellees,

versus

CITY OF ENTERPRISE, a municipality organized
under the laws of the State of Alabama,
ANTHONY NELMS, et al.,

Defendants-Appellants.

———————

Appeal from the United States District Court
for the Middle District of Alabama

———————

**(May 13, 1998)**

Before TJOFLAT and DUBINA, Circuit Judges, and STAGG*, Senior District Judge.

————————————————————————————————

* Honorable Tom Stagg, Senior U.S. District Judge for the Western District of Louisiana, sitting
by designation.

TJOFLAT, Circuit Judge:

This appeal arises out of the arrest of Thomas A. Anderson by police officers Anthony Nelms, Robert Crawford, and Robert Braun, of the city of Enterprise, Alabama. Anderson and his colleague Robert A. Redd filed a complaint in the district court under 42 U.S.C. § 1983 (1994) asserting several constitutional claims and a pendent state law claim. The complaint sought damages against each defendant. The police officers severally moved the district court for summary judgment on Anderson's and Redd's constitutional claims on the ground that they were entitled to qualified immunity. The district court denied qualified immunity and therefore denied the officers' motions for summary judgment insofar as the motions relied upon qualified immunity grounds. The officers now appeal. We conclude that the officers are entitled to qualified immunity on the Fourth Amendment claims of plaintiff Anderson, and reverse the denial of summary judgment on that claim. We also conclude that the officers are entitled to qualified immunity on the plaintiffs' First Amendment claims and therefore reverse the district court's denial of summary judgment on those claims as well.

We have jurisdiction to consider an interlocutory appeal of an order denying a motion for summary judgment on qualified immunity grounds. See Johnson v. Jones, 515 U.S. 304, 310-14, 115 S.Ct. 2151, 2155-56, 132 L.Ed.2d 238 (1995). We review such orders de novo, and resolve all issues of material fact in favor of the plaintiff. See Cottrell v. Caldwell, 85 F.3d 1480, 1486 & n.3 (11th Cir. 1996). We then answer the legal question of whether the defendants are entitled to qualified immunity under that version of the facts. Id. Accordingly, in part I we state the facts of the case in the light most favorable to Anderson and Redd. In part II, we explain why, on that version of the facts, the defendant officers are entitled to qualified immunity against, and

1

therefore to summary judgment on, plaintiff Anderson's Fourth Amendment claim and on both plaintiffs' First Amendment claims. We therefore reverse the district court's denial of summary judgment.


I.

Anderson and Redd, the plaintiffs in this case, are traveling ministers. On March 24, 1994 (the Thursday before Good Friday), Anderson and Redd arrived at the corner of West College and South Main Streets in Enterprise--the busiest intersection in town--and set about preaching to passers-by. The two men took turns preaching on the sidewalk, speaking loudly to pedestrians and to drivers passing through the busy intersection. Anderson admits that he was speaking loudly enough to be heard across the street, but not so loudly as to be heard over the noise of passing trucks. Anderson held a Bible in his hands, and he would wave it as he preached.

No one approached Anderson to complain about his preaching, but some pedestrians did complain to a passing police officer. The officer relayed the citizen's complaint to the dispatcher, and Officer Anthony Nelms was dispatched to address the matter. While Anderson preached, Redd went over to talk to Nelms, who had exited his patrol car. Redd identified himself and Anderson to Nelms and explained that they were ministers who were preaching. Nelms told Redd that there had been a complaint that the two men had been stepping into the roadway while preaching; Redd stated that he and Anderson had not done so. Anderson did not hear any of the colloquy between Redd and Nelms and continued to preach. Nelms observed Anderson for the next five minutes; Crawford then arrived, and he and Nelms observed

2

Anderson for several more minutes. Crawford informed Redd that he and Anderson would have to stop preaching. Redd asked to speak with Crawford's superior, Braun, in person, and Crawford tried to call Braun. Braun called back a few minutes later and told Crawford that he would be unable to come to the scene and that Crawford should use his own discretion in deciding whether to arrest either or both of the ministers.

At this point, Anderson ceased preaching and went over to ask what was going on. According to the ministers' testimony, Crawford then told Anderson and Redd that they would have to stop preaching or they would be arrested. Anderson asked if they were standing on a public sidewalk. Crawford answered that they were. Anderson asked if the officers intended to arrest him for preaching on a public sidewalk. Crawford answered in the affirmative. Anderson walked back to the street corner and recommenced preaching loudly. Nelms then arrested Anderson. Redd was not arrested or charged.

While in jail, Anderson told officers that he believed his arrest to have been in violation of the Constitution and that he would sue the city if the matter could not be resolved to his satisfaction. Upon hearing of Anderson's statements, defendant-appellant Michael Lolley, the Police Chief of Enterprise, ran a criminal history check on Anderson.[1] The background check revealed that one Thomas A. Anderson was wanted on a felony warrant in Beaufort, South Carolina for check fraud. The Beaufort County Sheriff's Department supplied a description of the man they wanted, and a social security number; both matched the intake information supplied

---

[1] Police Chief Lolley is listed as an appellant. The district court, however, dismissed all claims against Lolley, in both his individual and official capacities, arising out of the March 24 arrest. As explained infra, this appeal only addresses the officers' requests for qualified immunity from claims arising out of the March 24 arrest. We therefore conclude that Lolley has no interest in this appeal.

to the EPD by the appellee Anderson. The Beaufort Sheriff's Department requested that the EPD arrest Anderson again for extradition on the check fraud warrant. A warrant was issued in Enterprise and Anderson was arrested again on the night of April 8, 1994. Anderson insisted that the Beaufort warrant was for his father, not for him. Several days later, on April 11, the Beaufort Sheriff's Department informed the EPD that this was in fact true. The case against appellee Anderson on the second warrant was immediately dropped and he was promptly released.

Anderson and Redd then filed suit in the district court. The complaint asserted several claims. Count One of the complaint brought claims against the officers in their individual and official capacities, asserting that (in accordance with the policy of the City of Enterprise) the police officers violated Anderson's rights under the First and Fourth Amendments to the Constitution[2] by arresting him for disorderly conduct without probable cause, and that the arrest violated Redd's First Amendment rights by "chilling" his speech. Counts Two and Three alleged that the EPD's investigation and second arrest of Anderson, pursuant to the South Carolina warrant, constituted a "malicious prosecution" that violated the Fourth Amendment. Count Four asserted a tort claim for malicious prosecution under Alabama state law.

The police officers moved for summary judgment on the ground that they were entitled to qualified immunity from suit on the constitutional claims. The district court concluded that the officers were not entitled to qualified immunity on the plaintiffs' First and Fourth Amendment

---

[2] The complaint also asserted various claims under the Fifth, Sixth, and Eighth Amendments. The district granted summary judgment to the defendants on these claims. Similarly, the complaint asserted claims pursuant to 42 U.S.C. §§ 1981, 1985, 1986, and 1988, in addition to the claims brought pursuant to section 1983. The district court granted summary judgment on these claims as well.

4

claims arising out of the March 24 street-corner arrest, and denied summary judgment on those claims. The district court dismissed the plaintiffs' Fourth Amendment claims arising out of the April 8 arrest, however, on the ground that the second arrest was effected pursuant to the facially valid warrant from South Carolina, and that relief under section 1983 was therefore unavailable.[3] This left for trial:

     1) Anderson's and Redd's section 1983 First Amendment claims;

     2) Anderson's section 1983 Fourth Amendment claim arising out of the March 24 arrest; and

     3) Anderson's state law claim for malicious prosecution.

The defendants now appeal the district court's denial of qualified immunity, and therefore of summary judgment, on the First Amendment and Fourth Amendment claims arising out of the March 24 arrest.


## II.

"That qualified immunity protects government actors is the usual rule; only in exceptional cases will government actors have no shield against claims made against them in their individual capacities." Lassiter v. Alabama A & M Univ., Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc) (citations and emphasis omitted). A public official is entitled to qualified immunity from a section 1983 damages action if his actions did not violate clearly established law. See Thornton v. City of Macon, 132 F.3d 1395, 1399 (11th Cir. 1997). Taking the facts as asserted by the plaintiffs, we conclude that the officers' actions in this case did not

---

[3] No appeal is taken from this holding.

clearly violate either the First Amendment or the Fourth Amendment. We therefore conclude that the officers are entitled to qualified immunity on plaintiff Anderson's Fourth Amendment claim and on both plaintiffs' First Amendment claims.

A.

We first address plaintiff Anderson's false arrest claim against the officers under the Fourth Amendment. It is clearly established that an arrest made without probable cause violates the Fourth Amendment. See Von Stein v. Brescher, 904 F.2d 572, 579 (11th Cir. 1990). An officer is entitled to qualified immunity, however, where the officer had "arguable probable cause," that is, where "reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest" the plaintiffs. Id. (internal quotation marks and citations omitted).

Taking the facts of the case in the light most favorable to the plaintiffs, we conclude that the EPD officers had arguable probable cause to arrest Anderson for disorderly conduct on March 24th, that is, that the officers could reasonably have believed that Anderson's actions on that date violated Alabama's disorderly conduct statute.[4] Anderson admittedly was attempting to

---

[4] That statute provides:

§ 13A-11-7 Disorderly conduct.

(a) A person commits the crime of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:
(1) Engages in fighting or in violent tumultuous or threatening behavior; or
(2) Makes unreasonable noise; or
(3) In a public place uses abusive or obscene language or makes an obscene gesture; or

6

be heard over the traffic at the intersection, and admits that he succeeded in speaking loudly enough to be heard across the street. The uncontroverted testimony of Officer Jimmy Hutto (not a party to this litigation) establishes that passers-by complained of the loudness of Anderson's speech. On these facts, we cannot say that the officers could not reasonably have believed Anderson's conduct to be in violation of the disorderly conduct statute. The officers are therefore entitled to qualified immunity from suit on Anderson's false arrest claim. We thus conclude that the district court erred in denying summary judgment to the defendants on that claim.

B.

We next address the defendants' request for qualified immunity from the plaintiffs' First Amendment claims. At the time of Anderson's arrest, the plaintiffs were clearly engaging in protected speech in a traditional public forum. See Heffron v. International Soc. for Krishna Consciousness, Inc., 452 U.S. 640, 647, 101 S.Ct. 2559, 2563, 101 S.Ct. 2559 (1981) (stating that oral and written dissemination of religious views and doctrines is protected by the First

---

(4) Without lawful authority, disturbs any lawful assembly or meeting of persons; or
(5) Obstructs vehicular or pedestrian traffic, or a transportation facility; or
(6) Congregates with other person in a public place and refuses to comply with a lawful order of the police to disperse.

Ala. Code § 13A-11-7 (1994). The officers assert that they had probable cause to believe that Anderson was "mak[ing] unreasonable noise." The district court noted that there remained a factual dispute as to precisely how loudly Anderson was speaking. Anderson admits, however, that he was speaking at least loudly enough to be heard across a busy intersection. We believe that this admission is sufficient to establish that the officers had arguable probable cause to arrest Anderson.

7

Amendment); Perry Education Ass'n v. Perry Local Educators' Ass'n, 460 U.S. 37, 45, 103 S.Ct. 948, 954-55, 74 L.Ed.2d 794 (1983) (holding that traditional public fora include public streets). "In these quintessential public for[a], the government may not prohibit all communicative activity." Id. at 45, 103 S.Ct. at 955. Even in traditional public fora, however, "the state may 'enforce regulations of the time, place, and manner of expression which are content-neutral, are narrowly tailored to serve a significant government interest, and leave open ample alternative channels for communication.'" Crowder v. Housing Auth. of Atlanta, 990 F.2d 586, 590 (11th Cir. 1993) (quoting Perry, 460 U.S. at 45-46, 103 S.Ct. at 954-955).

As the district court held, the arrest of Anderson was content-neutral; nothing in the record indicates that the plaintiffs were selectively arrested for engaging in religious speech while non-religious speakers went unmolested. Moreover, the Alabama disorderly conduct statute is presumptively valid. The plaintiffs do not attack the disorderly conduct statute as unconstitutional, and we note that the Alabama disorderly conduct statute has recently been held constitutional by the Alabama courts. See Sterling v. State, 701 So.2d 71 (Ala. Crim. App. 1997) (holding that Alabama's disorderly conduct statute is not unconstitutionally vague or overbroad).

Because we hold that the officers had arguable probable cause to arrest Anderson for disorderly conduct, we must hold that the officers are also entitled to qualified immunity from the plaintiffs' First Amendment claims. When a police officer has probable cause to believe that a person is committing a particular public offense, he is justified in arresting that person, even if the offender may be speaking at the time that he is arrested. See United States v. Rubio, as modified, 727 F.2d 786, 791 (9th Cir. 1984) ("We strongly disagree with any inference that

8

criminal investigation is somehow prohibited when it interferes with . . . First Amendment interests. When activity protected by the First Amendment becomes the subject of a criminal investigation, the protections afforded by the Fourth Amendment come into play."); see also Zurcher v. Stanford Daily, 436 U.S. 547, 565, 98 S.Ct. 1970, 1981-82, 56 L.Ed.2d 525 (1978) (holding that Fourth Amendment requirements regarding search and seizure pursuant to warrant are sufficient to protect First Amendment interests that may be implicated in the search and seizure). Likewise, when an officer has arguable probable cause to believe that a person is committing a particular public offense, he is entitled to qualified immunity from suit, even if the offender may be speaking at the time that he is arrested. We therefore conclude that the officers are entitled to qualified immunity from the plaintiffs' First Amendment claims, and that the district court erred in denying summary judgment to the defendants on those claims.

CONCLUSION

For the foregoing reasons, we REVERSE the district court's denial of summary judgment on both plaintiff Anderson's Fourth Amendment false arrest claim and on the plaintiffs' First Amendment claims.

SO ORDERED.