[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 28, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13640

_____

D. C. Docket No. 05-00131-CV-1-WS-M

WILLIAM JOSEPH PHILLIPS,

Plaintiff-Appellee,

versus

OFFICER B.E. IRVIN,

Defendant-Appellant,

W. M. (MIKE) COPPAGE,
individually and in his official capacity as the
Director,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(March 28, 2007)**

Before HULL and MARCUS, Circuit Judges, and BARZILAY,[*] Judge.

PER CURIAM:

This case arises out of defendant-appellant Officer B.E. Irvin's March 2003 arrest of plaintiff-appellee William Joseph Phillips. Irvin interlocutorily appeals from the district court's summary judgment order, which granted in part and denied in part Irvin's motion for summary judgment. The district court granted Irvin qualified immunity with regard to several of Phillips's 42 U.S.C. § 1983 claims and dismissed others of Phillips's claims as legally insufficient, but denied Irvin qualified immunity as to Phillips's excessive force claim and Phillips's First Amendment retaliation claim. The district court also denied Irvin state-agent immunity as to Phillips's state law claims arising out of Irvin's use of force.[1]

After review and oral argument, we affirm the district court's denial of summary judgment as to Phillips's excessive force claim and as to Phillips's state law claims arising out of Irvin's use of force. We find no reversible error in the district court's well-reasoned analysis on those issues.

---

[*]Honorable Judith M. Barzilay, Judge, United States Court of International Trade, sitting by designation.

[1]Under the collateral order doctrine, we have jurisdiction to review the denial of state-agent immunity when the defendant appeals "both the denial of [state-agent] immunity and the denial of qualified immunity from the same procedural posture and under the identical assumption regarding the validity of the district court's summary-judgment facts." Taylor v. Adams, 221 F.3d 1254, 1260 n.9 (11th Cir. 2000).

However, we conclude that the district court erred in denying Irvin qualified immunity on Phillips's First Amendment retaliation claim. The district court mistakenly concluded that Irvin needed to establish <u>actual</u> probable cause for Phillips's arrest. Under our precedent, Irvin only needed to establish <u>arguable</u> probable cause, which Irvin did. See <u>Redd v. City of Enterprise</u>, 140 F.3d 1378, 1383 (11th Cir. 1998) (stating that "[b]ecause we hold that the officers had <u>arguable</u> probable cause to arrest . . . for disorderly conduct, we must hold that the officers are also entitled to qualified immunity from the plaintiffs' First Amendment claims") (emphasis added).

Moreover, in granting Irvin qualified immunity on Phillips's false arrest claim, the district court itself determined that Irvin had arguable probable cause to arrest Phillips for obstruction of governmental operations, in violation of Ala. Code § 13A-10-2. We agree with the district court that Irvin had arguable probable cause to arrest Phillips for obstruction, based on the totality of the undisputed facts in this case, including (as shown by the in-dash recording from Irvin's patrol car) that Irvin asked Phillips to "back off" at least eight times so that Irvin could complete his "federal traffic stop" and "federal DOT inspection."

Because we agree with the district court that Irvin had arguable probable cause to arrest Phillips, we reverse the district court's denial of qualified immunity

3

to Irvin on Phillips's First Amendment retaliation claim.[2]

**AFFIRMED IN PART, REVERSED IN PART.**

---

[2]To the extent that Phillips argues that actual probable cause is required to establish qualified immunity on the First Amendment claim, we also conclude that Irvin had actual probable cause in any event.