[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 2, 2011
JOHN LEY
CLERK

No. 11-11983
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-00009-CG-N


ORLANDO BETHEL,

                                        Plaintiff-Appellant,

                        versus

CITY OF MOBILE, ALABAMA,
MAYOR SAM JONES,
MICHAEL P. ELLZEY,
JONATHAN DAVID LEE,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(December 2, 2011)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Orlando Bethel, proceeding *pro se*, brought this action under 42 U.S.C. § 1983 against the City of Mobile, Mayor Sam Jones, and Mobile police officers Michael Ellzey and Jonathan Lee claiming that Ellzey and Lee arrested him for disorderly conduct without arguable probable cause in violation of his rights under First, Fourth, and Fourteenth Amendments of the U.S. Constitution. The arrests took place during the City's Mardi Gras parade in 2009 as Bethel, his wife and three children were standing on a sidewalk along the parade route. Bethel was holding up a sign which stated: "GOD hates you SINners repent in JESUS name live SIN free." Officer Ellzey, who had been working crowd control, was dispatched to the area where Bethel was holding his sign. He asked Bethel to take down the sign and cease harassing the crowd because he was creating a public harm. Bethel refused. Meanwhile, Officer Lee spoke to Renee Cook, who had called the police because Bethel was harassing her 13-year old daughter with threatening words, calling her a "whore" and a "slut" and telling her that she would "burn in hell." After hearing this from Cook, Lee and Ellzey arrested Bethel for disorderly conduct, in violation of Alabama's disorderly conduct statute. Ala. Code § 13A-11-7 (1975).

2

Ellzey and Lee moved the district court to grant them summary judgment on Bethel's claims against them on the ground of qualified immunity. The City and Mayor moved the district court for summary judgment as well on the merits of Bethel's claims. The court granted the motions. Bethel appeals. In his brief, he does not address the district courts rejection of his claims against the City and Mayor; his sole contention is that the court erred in granting Ellzey and Lee summary judgment. We agree that they are entitled to qualified immunity and that summary judgment was appropriate.

## I.

In his brief on appeal, Bethel argues that the district court erred in granting Ellzey and Lee summary judgment because disputed issues of material fact exist as to whether the officers had probable cause to arrest him for disorderly conduct. He contends that by arresting him without probable cause, the officers violated his First Amendment rights of free speech, assembly, and free exercise of religion, his Fourth Amendment right to be free from unreasonable searches and seizures, and his Fourteenth Amendment right to equal protection of the laws.

We review *de novo* a district court's disposition of a summary judgment motion based on qualified immunity, applying the same legal standards as the district court did. *Durruthy v. Pastor*, 351 F.3d 1080, 1084 (11th Cir. 2003).

3

Summary judgment is appropriate where the evidence shows that there are no genuine issues as to any material facts and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

As an affirmative defense, qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Andujar v. Rodriguez*, 486 F.3d 1199, 1202 (11th Cir. 2007) (citations omitted). For qualified immunity to apply, officials who assert the defense bear the burden of establishing that, at the time of the complained-of conduct, they were acting within their discretionary authority. *Skop v. City of Atlanta, Georgia*, 485 F.3d 1130, 1136 (11th Cir. 2007). Here, neither party disputes that at the time of Bethel's arrest, Officers Ellzey and Lee were acting pursuant to their discretionary authority as police officers. Because the officers were acting within the scope of their discretionary authority, the burden shifted to Bethel to prove that they were not entitled to qualified immunity. *Skop*, 485 F.3d at 1136-37. Bethel had to show that: (1) the officers violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation. *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004).

A warrantless arrest without probable cause violates the Fourth Amendment and forms a basis for a § 1983 claim, while an arrest made with probable cause constitutes an absolute bar to a § 1983 action for false arrest. *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996). However, an officer who violates the Fourth Amendment by arresting an individual without probable cause is not inevitably removed from the shield of qualified immunity. *Skop*, 485 F.3d at 1137. Even if the officer did not in fact have probable cause, we apply the standard of arguable probable cause: whether a reasonable officer in the same circumstances and possessing the same knowledge could have believed that probable cause existed to arrest. *Id.*

To determine whether arguable probable cause exists, we look to the totality of the circumstances. *Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). In the qualified immunity context, we ask whether a reasonable officer, acting under these circumstances and possessing the knowledge the arresting officer actually possessed, could have believed he had probable cause to arrest. *Skop*, 485 F.3d at 1143. Probable cause determinations need not be supported by "overwhelmingly convincing evidence," but instead, officers are entitled to rely on all "reasonable trustworthy information." *Marx v. Gumbinner*, 905 F.2d 1503, 1506 (11th Cir. 1990).

5

Police officers are also entitled to qualified immunity on First Amendment claims stemming from an arrest if the arrest was supported by probable cause. *See Redd v. City of Enterprise*, 140 F.3d 1378, 1383 (11th Cir. 1998) (holding that when probable cause supports an arrest, an officer "is justified in arresting that person, even if the offender may be speaking at the time that he is arrested").

Based on the knowledge possessed by Officers Ellzey and Lee at the time they arrested Bethel, it was reasonable for them to conclude that Bethel had violated Alabama's disorderly conduct statute through his use of abusive and obscene language in a public place. The officers were entitled to rely on Renee Cook's "reasonabl[y] trustworthy" report regarding Bethel's behavior in making this determination, even if, as Bethel contends, he never used abusive or obscene language. *See Marx*, 905 F.2d at 1506. Because there was arguable probable cause to arrest Bethel for disorderly conduct, Bethel did not demonstrate that his Fourth Amendment rights were violated such that the officers were not entitled to qualified immunity. *See Skop*, 485 F.3d at 1137. Additionally, the existence of probable cause also entitles Officers Ellzey and Lee to qualified immunity as to Bethel' First Amendment claims. *See Redd*, 140 F.3d at 1383. Other than his assertions regarding the unequal treatment of similarly situated speakers, Bethel does not separately argue that Officers Ellzey and Lee were engaged in selective

6

enforcement of the law, in violation of the Fourteenth Amendment's equal protection guarantee. Such unsupported factual allegations are insufficient to sustain a claim against a motion for summary judgment. *See* Fed. R. Civ. P. 56(e).

In light of the foregoing, the district court did not err by granting summary judgment to Officers Ellzey and Lee as to Bethel's First, Fourth, and Fourteenth Amendment claims, as the officers are entitled to qualified immunity as to Bethel's false arrest claim, and Bethel presented no evidence that the arrest violated his First or Fourteenth Amendment rights.

In sum, the district court's summary judgments in favor of all appellees are AFFIRMED.