[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14172
Non-Argument Calendar

_____

D. C. Docket No. 2:10-cv-14348-DLG

ANDREW JOYCE,
RAQUEL CASTIEL, et al.,

Plaintiffs-Appellants,

versus

SHERIFF ROBERT CROWDER,
SGT. JASON WARD, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 21, 2013)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Andrew Joyce, Raquel Castiel, Tiara Falk, and Katherine Saucier

(collectively "Plaintiffs") appeal the district court's entry of summary judgment in favor of Martin County Sheriff Robert L. Crowder on First Amendment claims for liability under *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), and the district court's entry of summary judgment in favor of Deputies Ruben Romero, Chris Conrad, and Jason Ward (collectively "arresting officers"), on Florida state law false arrest claims. After careful review, we affirm.

In a previous appeal to this court, we held that the arresting officers had "at least arguable probable cause" to arrest Plaintiffs for trespassing. *See Joyce v. Crowder*, 480 F. App'x 954, 960 (11th Cir. 2012). Because the only issue we faced in the prior appeal was whether the arresting officers were entitled to qualified immunity from 42 U.S.C. § 1983 claims alleging First and Fourth Amendment violations, and because all that was required for qualified immunity was arguable probable cause, *see, e.g.*, *Jones v. Cannon*, 174 F.3d 1271, 1283 n.3 (11th Cir. 1999), we did not decide whether the officers had actual probable cause to arrest Plaintiffs.

After thorough review of the record, we hold that the arresting officers in this case had probable cause to arrest Plaintiffs for trespass in violation of Florida

law.[1]  Of the four elements required to prove trespass, only the notice element is seriously at issue.  We hold that the arresting officers had actual probable cause in that they were told by Sergeant Cunningham that the protesters were on the west side of the fence on private property.  The arresting officers reasonably assumed that the protesters had to have crossed the fence, thus constituting probable cause that the protesters had the notice required by Florida law for violation of its trespassing statute.[2]

---

[1]    Plaintiffs' arguments that there was no probable cause for their arrests focus on the lack of notice they had that they were trespassing on the property, and the fact that the Florida trespassing statute requires "notice."  *See* Fla. Stat. § 810.09(1)(a)(1).  But the question before us is not whether Plaintiffs' were actually guilty of the crime of trespassing.  *See Coffin v. Brandau*, 642 F.3d 999, 1007 (11th Cir. 2011) ("Probable cause requires more than a mere suspicion, but not the level of convincing proof necessary to support a conviction."); *see also Walker v. State*, 707 So. 2d 300, 312 (Fla. 1997) ("The standard of conclusiveness and probability [required for probable cause] is less than that required to support a conviction." (quoting *Blanco v. State*, 452 So. 2d 520, 523 (Fla.1984))).  Instead, probable cause under both federal law and Florida law exists "when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."  *Coffin*, 707 F.3d at 1006-07 (citing *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002)).  Accordingly, "[p]robable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction."  *State v. Perez*, 277 So. 2d 778, 781 (Fla. 1973) (citing *Draper v. United States*, 358 U.S. 307 (1959)).  The facts before us establish that the information the arresting officers possessed was sufficient to establish probable cause that Plaintiffs' had committed, were committing, or were about to commit an offense.  *See Coffin*, 707 F.3d at 1006-07.

[2]    The relevant subsections of Fla Stat. § 810.09(1)(a) read:

A person who, without being authorized, licensed, or invited, willfully enters upon or remains in any property other than a structure or conveyance:

1.  As to which notice against entering or remaining is given, either by actual communication to the offender or by posting, fencing, or cultivation . . . commits

Accordingly, we affirm the district court's dismissal of Plaintiffs' claims against Sheriff Crowder under *Monell*, 436 U.S. at 658, because there was no underlying constitutional violation.[3]  *See Redd v. City of Enterprise*, 140 F.3d 1378, 1383 (11th Cir. 1998) ("When a police officer has probable cause to believe that a person is committing a particular public offense, he is justified in arresting that person, even if the offender may be speaking at the time that he is arrested."). Additionally, we affirm the district court's dismissal of Plaintiffs' state law false arrest claims against the arresting officers.  *See Bolanos v. Metro. Dade Cnty.*, 677 So. 2d 1005, 1005 (Fla. Dist. Ct. App. 1996) (stating that, under Florida law, "probable cause is a complete bar to an action for false arrest").

**AFFIRMED.**

---

the offense of trespass on property other than a structure or conveyance.

[3]    Plaintiffs' claim that Sheriff Crowder violated their First Amendment rights under a ratification theory fails for the same reason.  *See Matthews v. Columbia Cnty.*, 294 F.3d 1294, 1297-98 (11th Cir. 2002).

4