[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 03-10599
Non-Argument Calendar

————————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

AUGUST *29, 2013*

JOHN LEY
CLERK

D.C. Docket No. 00-00016-CV-1

RUBY M. GARNETT,

                                                Plaintiff-Appellant,

versus

UNIVERSITY HOSPITAL,
DOREEN LUIS, M.D., et al.,

                                                Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Southern District of Georgia

————————————————

(August 29, 2013)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Ruby M. Garnett appeals <u>pro se</u> the partial dismissal and partial summary judgment against her amended complaint that her civil rights were violated when she was taken into custody by officers of the Sheriff's Department of Richmond County, Georgia, and transported to University Hospital, where she underwent a medical evaluation. 42 U.S.C. § 1983. The district court dismissed as untimely Garnett's claims against University Health Services, Inc., Coastal Physician Services of the Southeast, Inc., and Dr. Doreen Luis. The district court also dismissed Garnett's claims against Delaine Pittman, a nurse at University Hospital, and Rebecca Gravely, a former employee of the Sheriff's Department, because they were not timely served with a copy of the summons and complaint. The district court entered summary judgment based on qualified immunity in favor of Charles Webster, the Sheriff of Richmond County, and two of his employees, John Paul Jones and Nancy Powell. Garnett appeals all these rulings. We affirm.

The district court did not err by dismissing as untimely Garnett's claims against University Health, Coastal Physician Services, and Dr. Luis. Garnett's claims accrued when she knew or should have known that she was injured, <u>see</u> <u>Cummings v. Washington Mut.</u>, 650 F.3d 1386, 1391 (11th Cir. 2011), which was when she underwent the medical evaluation on January 25, 1998. Garnett had to commence an action "within two years" of that date, <u>see</u> Ga. Code Ann. § 9-3-33, but she waited until January 31, 2000, to file her amended complaint. Garnett's

2

complaint against University Health, Coastal Physician Services, and Dr. Luis was untimely.

The district court also did not abuse its discretion by dismissing the claims against Pittman and Gravely because they were not timely served with a copy of Garnett's summons and amended complaint. "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice." Fed. R. Civ. P. 4(m). On October 20, 2000, more than 150 days after Garnett filed her amended complaint, she was ordered to provide good cause why she had not served Pittman and Gravely. See id. Garnett failed to establish that "some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." See Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1286 (11th Cir. 2009) (internal quotation marks and citation omitted). Garnett argued that she phrased incorrectly her request to serve Gravely, but Garnett twice received instructions about service of process and served other defendants. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Garnett also argued that she intended to serve Pittman simultaneously with a doctor whom she had yet to identify, but that explanation failed to excuse her from timely serving Pittman. See

Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).  The district court acted within its discretion to dismiss the claims against Pittman and Gravely.

The district court correctly granted summary judgment in favor of Webster, Jones, and Powell based on qualified immunity.  Because Garnett did not dispute that the officers were acting within their discretionary authority, the only issue we need address is whether Garnett established that the officers violated clearly established law.  See Whittier v. Kobayashi, 581 F.3d 1304, 1308 (11th Cir. 2009).  Garnett alleged that Powell, a dispatcher in the Sheriff's Office, conspired with Deputy Jones in her false arrest and forced her to undergo medical treatment, but Deputy Jones had at least arguable probable cause to arrest Garnett for falsely reporting a crime, see Ga. Code Ann. § 16-10-26, and to transport her to the hospital when she appeared to be mentally ill and required medical treatment, see id. § 37-3-42.  See Coffin v. Brandau, 642 F.3d 999, 1006 (11th Cir. 2011) (en banc).  Deputy Jones also did not violate Garnett's right to free speech under the First Amendment when he arrested her in the midst of her fifth consecutive telephone call to the police, see Redd v. City of Enterprise, 140 F.3d 1378, 1383 (11th Cir. 1998), nor did the deputy use more force than necessary if he placed handcuffs on Garnett to restrain her while transporting her to the hospital, see Lee v. Ferraro, 284 F.3d 1188, 1199 (11th Cir. 2002).  Garnett failed to allege that Sheriff Webster participated in the arrest or that he had notice of and failed to

4

correct any unlawful conduct by his officers.  See Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).  The officers were entitled to qualified immunity.

We **AFFIRM** the partial dismissal of and partial summary judgment against Garnett's complaint.