RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 15a0065p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

———————————

JOHN HENRICKS,

*Plaintiff-Appellee*,

*v.*

No. 13-4468

PICKAWAY CORRECTIONAL INSTITUTION, et al.,

*Defendants*,

IDA GONZALEZ; MICHAEL MAYNARD,

*Defendants-Appellants*.

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 2:08-cv-00580—George C. Smith, District Judge.

Argued: March 10, 2015

Decided and Filed: April 8, 2015

Before: SILER, ROGERS, and COOK, Circuit Judges.

———————————

**COUNSEL**

**ARGUED:** Debra Gorrell Wehrle, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellants. John C. Camillus, LAW OFFICE OF JOHN C. CAMILLUS, LLC, Columbus, Ohio, for Appellee. **ON BRIEF:** Debra Gorrell Wehrle, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellants. John C. Camillus, LAW OFFICE OF JOHN C. CAMILLUS, LLC, Columbus, Ohio, Daniel R. Mordarski, LAW OFFICE OF DANIEL R. MORDARSKI, Columbus, Ohio, for Appellee.

1

———————————

**OPINION**

———————————

ROGERS, Circuit Judge.   John Henricks, an Ohio prisoner, filed a complaint under 42 U.S.C. § 1983, alleging, as relevant to this appeal, that Dr. Ida Gonzalez, a doctor at his prison, and Officer Michael Maynard, a correctional officer, were deliberately indifferent to his medical needs in violation of the Eighth Amendment.  After discovery, Dr. Gonzalez and Officer Maynard filed a motion for summary judgment arguing in part that Henricks had failed to exhaust his administrative remedies against Dr. Gonzalez and that both Dr. Gonzalez and Officer Maynard were entitled to qualified immunity.  Upon Henricks's motion, the district court struck both affirmative defenses because Dr. Gonzalez and Officer Maynard had failed to raise them in an answer earlier in the course of litigation.  The district court found triable issues of fact as to Henricks's claims against both Dr. Gonzalez and Officer Maynard and denied their motion for summary judgment.  Dr. Gonzalez and Officer Maynard appeal the denial of summary judgment, arguing that they did not waive the exhaustion and qualified immunity defenses and that they are entitled to judgment as a matter of law on Henricks's Eighth Amendment claims.  We lack jurisdiction to consider the district court's ruling as to the exhaustion requirement, and the district court did not abuse its discretion in holding that Dr. Gonzalez and Officer Maynard waived their qualified immunity defense, which renders the defendants' other arguments moot.

The following are the facts as alleged by Henricks.  Henricks began experiencing the symptoms of acute appendicitis on August 19, 2006.  The following day, upon the recommendation of Dr. Gonzalez, the medical director at Henricks's prison, Henricks was sent to the Ohio State University Medical Center.  At the emergency room, Officer Maynard, who had accompanied Henricks, refused to remove Henricks's handcuffs and other restraints in spite of a physician's request to do so.  This caused a delay of approximately forty-five minutes while Officer Maynard and the physician argued.  Eventually, Officer Maynard uncuffed Henricks and Henricks was admitted and underwent emergency surgery.  The surgery—which Henricks alleges was made more extensive by Officer Maynard's delay in removing the restraints—caused nerve damage to Henricks's right leg.

Henricks's dispute with Dr. Gonzalez arises from Dr. Gonzalez's consistent refusal to prescribe a medication called Neurontin for the pain caused by that nerve damage, in spite of the view of several other doctors, including specialists, that Neurontin was necessary to treat Henricks's pain. Henricks first received a prescription for Neurontin on November 1, 2006. He requested that his dosage be increased on November 3, and on November 8 he met with Dr. Gonzalez, who discontinued the prescription on the basis that it would not be effective in treating Henricks's pain. Starting in February 2007, neurologists recommended Neurontin for Henricks's pain on multiple occasions, but Dr. Gonzalez never authorized it, even though at least one doctor explicitly noted that Neurontin was "wholly appropriate" and that Motrin, the medication that Henricks had been on, would not be effective. Henricks thus suffered unreduced pain resulting from his nerve damage during much of 2007.

On June 17, 2008, Henricks filed a pro se complaint regarding various failures to provide proper medical care, naming multiple defendants, including Officer Maynard and Dr. Gonzalez. All defendants filed motions to dismiss, and, upon separate recommendations of a magistrate judge, the motions were granted in 2009 as to all defendants except Officer Maynard and Dr. Gonzalez. The motion to dismiss filed by Officer Maynard and Dr. Gonzalez invoked qualified immunity, although not the administrative exhaustion defense. In the portion of his report and recommendation addressing Officer Maynard and Dr. Gonzalez's motion to dismiss, the magistrate judge concluded that Henricks had stated a colorable claim against those two defendants, but did not address qualified immunity. Officer Maynard and Dr. Gonzalez did not object to the Report and Recommendation or seek further consideration of their qualified immunity defense. They also did not file an answer to Henricks's complaint, but they nonetheless litigated Henricks's discovery requests in the ensuing years. The district court granted Henricks's motion to appoint counsel on March 9, 2011, and counsel appeared for Henricks on July 27, 2011. Debra Gorrell Wehrle, the present counsel for Officer Maynard and Dr. Gonzalez, first appeared for those defendants shortly before, on June 29, 2011. She became lead counsel on September 20, 2012.

On May 29, 2013, after the close of discovery, Officer Maynard and Dr. Gonzalez filed a motion for summary judgment arguing that, on the facts in the record, they were entitled to

judgment as a matter of law.  They further invoked the defense of qualified immunity for both defendants and the defense of failure to exhaust administrative remedies as to Dr. Gonzalez. Henricks filed a response, and on July 1, 2013, he also filed a motion to strike the defendants' affirmative defenses on the ground that the defenses had been waived because the defendants had not asserted the defenses in a pleading.

On September 9, 2013, the magistrate judge addressed both the motion for summary judgment and the motion to strike (as well as several other non-dispositive motions) in a single Order and Report and Recommendation.  The magistrate judge granted Henricks's motion to strike the affirmative defenses of qualified immunity and failure to exhaust administrative remedies on the basis that Officer Maynard and Dr. Gonzalez had waived them by not asserting them in an answer and that permitting them to assert the defenses at such a late point in the litigation would unduly prejudice Henricks.[1]  The magistrate judge then found that material questions of fact precluded summary judgment in favor of either defendant.  This was because, on the facts alleged by Henricks, a jury could find that both defendants were deliberately indifferent to his serious medical needs.  The magistrate judge did not consider whether the affirmative defenses waived by the defendants would have otherwise protected them from suit. Officer Maynard and Dr. Gonzalez timely objected both to the magistrate judge's order as to Henricks's motion to strike and to his recommendation as to their motion for summary judgment. The district court affirmed the magistrate judge's order and adopted his recommendation, following the magistrate judge's reasoning and appending a paragraph explaining that, contrary to the defendants' position, failure to exhaust administrative remedies under the Prison Litigation Reform Act was an affirmative defense that could be waived.  Officer Maynard and Dr. Gonzalez now appeal.  Henricks has moved for sanctions, arguing that the appeal was frivolous.

Only one issue raised in this interlocutory appeal is properly before us: whether the district court was correct to hold at the summary judgment stage that Officer Maynard and Dr. Gonzalez waived the affirmative defense of qualified immunity by failing to assert it in a responsive pleading.  The district court's holding that the defense was waived can be considered

---

[1]In so doing the magistrate judge also denied a motion to file an answer *instanter* that Officer Maynard and Dr. Gonzalez had filed after Henricks's motion to strike.  Officer Maynard and Dr. Gonzalez do not argue on appeal that the magistrate judge ought to have granted their motion to file an extremely tardy answer.

an appealable final order for purposes of 28 U.S.C. § 1291, under which we have jurisdiction to review "final orders" of a district court, because it conclusively forecloses the defendants' entitlement not to stand trial and is separate from the merits of Henricks's claim. It is thus closely analogous to an appeal challenging the legal basis of a district court's denial of a summary judgment motion invoking qualified immunity, which is an appealable final order. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). This jurisdictional conclusion is consistent with the analyses of the three circuits to have considered the issue. *Eddy v. Virgin Islands Water and Power Auth.*, 256 F.3d 204, 209 (3d Cir. 2001); *Pasco v. Knoblauch*, 566 F.3d 572, 576–77 (5th Cir. 2009); *Hernandez v. Cook Cnty. Sheriff's Office*, 634 F.3d 906, 912–13 (7th Cir. 2011).

Although the district court held that Officer Maynard and Dr. Gonzalez had waived qualified immunity long before the conclusion of the case, the district court's holding is a collateral order amounting to a final decision under *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949). Under the collateral doctrine, an order is appealable if it "conclusively determine[s] the disputed question, resolve[s] an important issue completely separate from the merits of the action, and [is] effectively unreviewable on appeal from a final judgment." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Because qualified immunity insulates the defendant from the burdens of litigation as well as from liability, a district court's denial of qualified immunity, "to the extent that it turns on an issue of law," satisfies all three criteria. *Mitchell*, 472 U.S. at 526, 530. First, a pre-trial denial of qualified immunity is unreviewable after a final judgment because, after a trial, there will be no way to vindicate the defendant's privilege not to stand trial in the first place. *Id.* at 527. Second, the pre-trial denial of qualified immunity conclusively determines the defendant's privilege to be free from, at the very least, the burdens of the next stage of litigation. *Id.*; *see English v. Dyke*, 23 F.3d 1086, 1090 (6th Cir. 1994). Third, the legal analysis establishing that the defendant is not entitled to qualified immunity "is conceptually distinct from the merits of the plaintiff's claim that his rights have been violated," because, at the summary judgment stage, the court need determine no facts that are material to the merits of the dispute. *Mitchell*, 472 U.S. at 527–28.

These conditions are met whether the legal analysis requested of the appellate court focuses on the standards applicable to the merits of the qualified immunity determination, as in *Mitchell*, or on the standards applicable to a waiver determination, as here. A district court decision "on qualified immunity" determines "a claim of right that is separate from, and collateral to, rights asserted in the action," even if the decision does not address the merits of qualified immunity at all but has the effect of denying qualified immunity to the defendants. *Summers v. Leis*, 368 F.3d 881, 886–87 (6th Cir. 2004). Because a waiver analysis virtually never turns on facts material to the merits of a plaintiff's claim, it cannot fall into the category of qualified immunity appeals that ultimately depend on issues that are part of the plaintiff's underlying claim and are thus unappealable. *See Johnson v. Jones*, 515 U.S. 304, 313–14 (1995). Finally, a finding of waiver conclusively determines at least one part of a defendant's qualified immunity defense because it always bars the defendant from asserting qualified immunity for at least one step of litigation. *English*, 23 F.3d at 1090. Therefore, the collateral order doctrine applies to a district court's finding upon denying summary judgment to the defendant that the defendant has waived qualified immunity, and we have jurisdiction to consider this limited aspect of Dr. Gonzalez and Officer Maynard's appeal.

However, the district court did not abuse its discretion in holding that Dr. Gonzalez and Officer Maynard waived qualified immunity. In light of Officer Maynard and Dr. Gonzalez's disregard for timeliness in asserting defenses, it was permissible for the district court to refuse to inconvenience itself and Henricks and further delay trial to make up for the defendants' errors.

In the first place, Officer Maynard and Dr. Gonzalez's failure to plead qualified immunity at the very least subjects them to the possibility of waiver. Officer Maynard and Dr. Gonzalez raised qualified immunity in their motion to dismiss, but not in any responsive pleading. "Since immunity must be affirmatively pleaded, it follows that failure to do so can work a waiver of the defense." *Kennedy v. City of Cleveland*, 797 F.2d 297, 300 (6th Cir. 1986). In fact, "[g]enerally, a failure to plead an affirmative defense . . . results in the waiver of that defense." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

Because Officer Maynard and Dr. Gonzalez have no reasonable explanation for their failure to plead qualified immunity and were very tardy in raising the defense, the district court

did not abuse its discretion in presuming prejudice to Henricks and finding waiver. A district court does not abuse its discretion when, even without a showing of prejudice, it finds that a defendant who has failed to show "that it even made a good faith effort to comply with the standard procedure for raising affirmative defenses" has waived its defense. *U.S. Fire Ins. Co. v. City of Warren*, 87 F. App'x 485, 491 (6th Cir. 2003); *see also English*, 23 F.3d at 1090. Finding waiver is particularly appropriate in such a situation because it can be inferred that the plaintiff would be unfairly prejudiced by permitting the defendant to tardily raise the defense. *See Macurdy v. Sikov & Love, P.A.*, 894 F.2d 818, 824 (6th Cir. 1990). A failure, without good cause, to invoke what might otherwise appear to be an available affirmative defense might well lead the plaintiff to believe that the defendant does not plan on invoking it and to plan accordingly. *U.S. Fire*, 87 F. App'x at 491. Raising the defense after discovery would then unfairly prejudice the plaintiff by subjecting him to a defense he did not anticipate having to rebut. In this case, Officer Maynard and Dr. Gonzalez asserted an affirmative defense in a motion to dismiss but did not object when the magistrate judge ignored the defense and did not file an answer or other responsive pleading. Henricks could fairly conclude from this conduct that Officer Maynard and Dr. Gonzalez did not intend to assert the qualified immunity defense.

The district court was thus within its discretion in concluding that "[d]efendants' contention that any prejudice to plaintiff would be avoided by reopening discovery is mistaken." Adding further to the already lengthy time that the suit was pending may have caused relatively minor harm to Henricks, but there was at least a clear possibility of some harm. When the defendant is unable to offer any reasonable explanation for its tardiness in presenting a defense, finding waiver is not an abuse of discretion. *U.S. Fire*, 87 F. App'x at 491. The district court's finding of likely prejudice and waiver in light of the defendants' "fail[ure] to demonstrate that they acted with diligence in pursuing their affirmative defenses" was thus not an abuse of discretion.[2]

---

[2]The only explanation for tardiness offered by counsel for Officer Maynard and Dr. Gonzalez is that she was not counsel when the defendants failed to file an answer and did not realize that they had failed to do so until after discovery ended. This is hardly an excuse, however. Even leaving aside the tardiness of the defendants' original counsel, their new counsel should have reviewed the docket relatively shortly after taking the case, and should thus have been aware that defendants' answer was missing. Instead, she did nothing to assert the defense for approximately two years after becoming defendants' counsel.

This conclusion is consistent with our holding in *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997), that, because a delay in raising a defense did not cause "unfair prejudice" to the plaintiff, the district court could exercise its discretion to find no waiver. The holding in *Smith* does not mean that finding waiver when there is no explicit showing of prejudice by the plaintiff is necessarily an abuse of discretion. Instead, as explained above, district courts have discretion to determine whether unexcused tardiness in raising a defense, under the facts of a particular case, is in itself sufficiently prejudicial to the plaintiff to warrant a finding of waiver.

The district court thus did not abuse its discretion in holding that Officer Maynard and Dr. Gonzalez had waived the defense of qualified immunity.[3] Officer Maynard's and Dr. Gonzalez's substantive arguments as to qualified immunity on appeal are therefore moot at this point. However, as counsel for Henricks agreed at oral argument, the district court on remand may determine that the defendants' waiver of qualified immunity in pre-trial proceedings does not preclude the defendants from asserting the defense at trial. As we explained in *English v. Dyke*, a waiver "need not waive the defense for all purposes but would generally only waive the defense for the stage at which the defense should have been asserted." *English*, 23 F.3d at 1090.

The only remaining issue is whether the district court properly held that Dr. Gonzalez waived the exhaustion requirement of the Prison Litigation Reform Act by failing to assert it in a responsive pleading. We lack jurisdiction to answer this question because the district court's resolution of this issue is neither a final order nor an appealable interlocutory order, nor is it inextricably linked to an issue over which we have jurisdiction.

First, the district court's holding that under the Prison Litigation Reform Act the exhaustion requirement is an affirmative defense, and that Dr. Gonzales waived it, is not a final decision under 28 U.S.C. § 1291. The court's holding obviously does not conclude litigation, and the exhaustion requirement, unlike qualified immunity, is not a protection from litigation. It is instead a barrier for the plaintiff to overcome. A ruling regarding exhaustion in this context is thus not a final order under the collateral order doctrine.

---

[3]We do not address Officer Maynard and Dr. Gonzalez's contention at oral argument that 42 U.S.C. § 1997e(g) absolves the defendants of the need to file an answer raising their affirmative defenses. Because this argument was raised on appeal for the first time at oral argument, it has been forfeited on appeal.

Second, the district court's holding that the exhaustion requirement has been waived falls under neither of the jurisdictional categories of 28 U.S.C. § 1292. It does not relate to an interlocutory order or decree, § 1292(a), and it has not been certified for appeal by the district court, § 1292(b).

Finally, this issue is not linked closely enough to the issue of whether qualified immunity was waived to permit the panel to exercise pendent appellate jurisdiction over it. "[P]endent [appellate] jurisdiction *may* be exercised only when the immunity issues absolutely cannot be resolved without addressing the nonappealable collateral issues." *Archie v. Lanier*, 95 F.3d 438, 443 (6th Cir. 1996). That is not the case here. While the same waiver standard might apply to the two issues, there is no need to resolve both issues at once, and they are not logically connected. We therefore lack jurisdiction to decide whether the district court correctly held that Dr. Gonzalez waived the exhaustion defense.

Although Dr. Gonzalez and Officer Maynard's appeal must fail, we decline to impose sanctions pursuant to Henricks's motion, because the appeal was not entirely frivolous. The defendants' opening brief was not a model of clarity and may have raised frivolous arguments regarding exhaustion and the merits of the qualified immunity analysis—arguments we do not address here. However, the brief did raise a non-frivolous issue over which we have jurisdiction: whether the district court correctly ruled that the defendants had waived their qualified immunity defenses.

For the foregoing reasons, the district court's denial of summary judgment to Officer Maynard and Dr. Gonzalez is **AFFIRMED**, and Henricks's motion for sanctions is **DENIED**.