NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 18a0340n.06

CASE NO. 17-4232

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| DERRICK WHEATT, *et al.*, | ) | **FILED** |
|  | ) | Jul 12, 2018 |
| *Plaintiffs-Appellees*, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE |
|  | ) | UNITED STATES DISTRICT |
| CITY OF EAST CLEVELAND, *et al.*, | ) | COURT FOR THE NORTHERN |
|  | ) | DISTRICT OF OHIO |
| *Defendants-Appellants*. | ) |  |
|  | ) |  |

**Before:  SILER, BATCHELDER, and DONALD, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge.**  In this interlocutory appeal from a denial of summary judgment, among other rulings, the plaintiffs contest jurisdiction.  The district court declared this appeal frivolous, explaining that the defendants did not assert qualified immunity and have no basis to appeal.  The defendants pursue this appeal nonetheless and we AFFIRM.

**I.**

The plaintiffs in this case are Derrick Wheatt, Laurese Glover, and Eugene Johnson.  In 1996, the Cuyahoga County (Ohio) Prosecutor's Office ("CCPO") prosecuted these three men for a murder in the City of East Cleveland.  Their convictions were upheld on direct appeal.

In preparing for a post-conviction motion, defense counsel asked the East Cleveland Mayor to release the police file on the case, and found the Mayor agreeable.  But before the Mayor released the file, an investigator from the CCPO arrived with a letter signed by Carmen Marino and Deborah Naiman, prosecutors in the CCPO.  The letter threatened that releasing the police file

to defense counsel would be a "willful violation of the law" and instructed the Mayor to give the original and all copies of the file to the CCPO investigator "forthwith." Confronted with this letter, the Mayor gave the file to the investigator and refused to release it to defense counsel. But it turns out that a copy remained somewhere at the City.

When certain witnesses recanted their testimony years later, the Ohio Innocence Project took an interest in the case and in 2013 obtained a copy of the police file from the City through a public records request. Based on the materials in the file, the Innocence Project attorneys argued that the CCPO had withheld exculpatory evidence and the state courts agreed, overturning the murder convictions and ordering a new trial. The CCPO declined to re-prosecute.

The plaintiffs filed the present § 1983 action in February 2017, claiming several constitutional and state-law violations during their prosecution, including, foremost, that by obstructing their 1998 request for a copy of the police file, Marino, Naiman, and Cuyahoga County (herein referred to collectively as the "County Defendants") had violated their constitutional right of access to the courts and kept them from being exonerated earlier. The plaintiffs also accused several City police officers—Terrence Dunn, Vincent Johnstone, Patricia Lane, D.J. Miklovich, Michael Perry, and Charles Teel (herein referred to collectively as the "City Defendants")—of violating their constitutional right to due process through unduly suggestive identification procedures, witness coercion, and withholding of exculpatory evidence.

The County Defendants moved for summary judgment based on absolute and qualified immunity, but the district court denied the motion. *See Wheatt v. City of E. Cleveland ("Wheatt #4"[1]),* No. 1:17-CV-377, 2017 WL 5187780, at *7–8 (N.D. Ohio Nov. 9, 2017). The City Defendants also moved for summary judgment, arguing that the evidence was insufficient to prove

---

[1] The district court has issued eight orders in this case, four of which we cite in this opinion. For ease and completeness of reference, we number them all chronologically, one through eight, and use that numbering.

any of the alleged violations. The City Defendants did not assert immunity. *See id.* at *16 ("The City Defendants have waived the defenses of qualified and statutory immunity."). The district court denied the City Defendants' motion as to almost all of the claims, finding genuine disputes of material fact that necessitated determination by a jury. *Id*. at *16-19.

The County Defendants filed an interlocutory appeal eleven days later, November 20, 2017 (appeal No. 17-4262), in which they moved to stay the trial scheduled to begin on December 11, 2017. They also petitioned this court for a writ of prohibition (No. 17-4263), seeking to halt any further proceedings in the district court pending the outcome of the appeal.

The City Defendants also appealed (No. 17-4232), but directed that appeal at two unrelated orders, dated November 14 and November 15, 2017. In the first order, the district court denied in part the City Defendants' motion for leave to amend their answer. *Wheatt #5*, 2017 WL 5466653 (N.D. Ohio Nov. 14, 2017). In the second, the district court postponed the imposition of sanctions on the City Defendants for their failure to produce a witness. *Wheatt #6*, 2017 WL 5483148 (N.D. Ohio Nov. 15, 2017). In their Notice of Appeal, the City Defendants designated only these two orders, identifying them by date, though in describing the substance of the appeal, they included the misspelled phrase "Qualified Immnity Waiver."

The plaintiffs moved the district court to declare the appeals "frivolous" and proceed with the trial. The district court found that because the City Defendants had "never argued, or even mentioned, qualified immunity" in the summary-judgment briefing, they had no right to interlocutory appeal. *Wheatt #8*, 2017 WL 6031816, at *2 (N.D. Ohio Dec. 6, 2017). And, although the County Defendants had argued immunity, they had no right to an interlocutory appeal on their purely fact-based challenges. *Id*. at *3. The district court declared the appeals frivolous, declined the stay request, and ordered that the trial would proceed as scheduled.

The defendants then moved this court to stay the trial court proceedings. *Wheatt v. City of E. Cleveland*, Nos. 17-4232/4262/4263 (6th Cir. Dec. 8, 2017). In granting the motion, we consolidated the appeals, ordered the stay, denied the County Defendants' petition for writ of prohibition as moot (terminating No. 17-4263), and referred to a merits panel the plaintiffs' motions to dismiss the remaining appeals (Nos. 17-4232 and 17-4262) for lack of jurisdiction.

While the appeal was pending, the plaintiffs and the County Defendants negotiated a settlement. In a joint motion, they obtained an indicative ruling from the district court, pursuant to Federal Rule of Civil Procedure 62.1, endorsing the settlement agreement. The parties then moved this court, pursuant to Federal Rule of Appellate Procedure 12.1, to sever the appeal and remand the County Defendants' portion (No. 17-4262) so that the district court could effectuate its indicative ruling and allow them to finalize their settlement. We granted the motion. *Wheatt v. City of E. Cleveland*, Nos. 17-4232/4262 (6th Cir. June 28, 2018).[2]

Only the City Defendants' portion of the appeal remains for our determination.

## II.

The plaintiffs argue that because the underlying judgments are neither final orders nor appealable collateral orders, inasmuch as the City Defendants did not assert qualified immunity in the district court, we have no jurisdiction. The City Defendants reply that they "are appealing the district court's finding that they had waived the affirmative defense of qualified immunity." City Def.'s Mtn. at 2 (6th Cir. Dkt. No. 20, Dec. 18, 2017).[3] The district court, noting that it "does not

---

[2] On July 3, 2018, the City Defendants moved this court to reconsider our June 28 Order. Although that motion inexplicably raises several claims, defenses, and issues that were not raised here previously—and appear entirely new to this litigation—it does not support reconsideration of our prior order. The motion is denied.

[3] As already mentioned, this contention is somewhat questionable, given that the City Defendants stated in their Notice of Appeal that they were appealing from the orders "entered in this action on the 14th & 15th day of November, 2017." Those two dates correspond to *Wheatt #5* and *Wheatt #6*, which did not involve or decide any claims of qualified immunity. *Wheatt #5* and *Wheatt #6* ruled on the City Defendants' motion for leave to amend their answer and the plaintiffs' motion for discovery sanctions, respectively. The district court's ruling on the summary judgment motions, in which it explained that the City Defendants had waived their qualified-immunity defense, was in *Wheatt #4*, filed on November 9. But the City Defendants' Notice of Appeal also asserted that they were appealing

4

lightly find waiver in this instance," explained that "in fully briefing their motion to dismiss, their summary judgment motion, and their opposition to [the] [p]laintiffs' motion for summary judgment, the City Defendants did not mention immunity." *Wheatt #4*, 2017 WL 5187780, at *16. The court emphasized: "Indeed, in all of the aforementioned motions, neither the word 'qualified' nor the word 'immunity' appears at all." *Id.* As a factual finding, this is uncontested—the City Defendants do not claim that they raised qualified immunity in any of these motions, nor could they. They instead rely on their answer to the complaint, in which they included the affirmative defense of immunity "under all doctrines," and contend that that alone is sufficient to inject qualified immunity into the district court's opinion and judgment, and preserve it for interlocutory appeal here. That is an unusual proposition, to say the least.

We recognize that the district court used the word "waiver," whereas this is more appropriately a "forfeiture" analysis. *See Hamer v. Neighborhood Hous. Servs.*, 583 U.S. --, 138 S. Ct. 13, 17 n.1 (2017) ("The terms waiver and forfeiture—though often used interchangeably by jurists and litigants—are not synonymous. Forfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment or abandonment of a known right." (quotation and editorial marks omitted)). Therefore, we analyze this as forfeiture.

In arguing for summary judgment in the district court, the City Defendants did not assert qualified immunity expressly or even implicitly. Consequently, they never challenged the plaintiffs to respond to a qualified-immunity claim; they did not compel the district court to decide the merits of a qualified-immunity dispute; and they did not preserve any substantive qualified-immunity question or error for appeal. That is forfeiture. The City Defendants point out that

---

from the orders "Denying Motion to Amend Complaint Re Pub Rec Law, *Qualified Immnity Waiver*; Sanctions of Atty Fees/Expenses to Pltffs by City of East Cleveland." (emphasis added). Thus it appears that they intended to, or roughly attempted to, appeal from the district court's denial of their summary judgment motion in *Wheatt #4*. We will assume for this analysis that they did so.

pursuant to *Henricks v. Pickaway Correctional Institution*, 782 F.3d 744, 749 (6th Cir. 2015), we have held that appellate panels have jurisdiction to hear interlocutory appeals on the question of whether a defendant forfeited qualified immunity.[4] True enough. But here the defendants have so clearly and unmistakably forfeited any claim to qualified immunity that there is nothing further to decide and this appeal is frivolous, as the district court has already held.

**III.**

Consequently, we must DENY the plaintiffs' motion to dismiss for lack of jurisdiction and AFFIRM the judgment of the district court because it was correct.

---

[4] The *Hendricks* panel, like the district court here, used the word "waiver," but actually described and analyzed a forfeiture situation. Thus we construe *Hendricks* as applying in "forfeiture" situations.